May it please the Court, I'm Joseph Robert Giannini in Pro Perp. In 1997, after a series of humbling and embarrassing incidents, I was required to go... Mr. Giannini, it would help your cause if you would eschew adjectives and get to the facts by use of nouns. Thank you, Your Honor. My cause is that I received a fresh start in bankruptcy in 1997, almost ten years ago. I asked this Court to reverse the bankruptcy judge's order depriving me of that fresh start for three reasons and to also enter a finding that the adversary complaint has been filed here without factual or legal foundation essentially for the purpose of intimidating and harassing me. Mr. Giannini, what is your argument that the district court made an error in dismissing your appeal for failing to comply with the appellate briefing schedule? Because that's really the only issue before us now. The district court dismissed your appeal for failing to comply with the appellate briefing schedule. Was that an error? And if so, why? Your Honor, I believe this Court has de novo review of the bankruptcy judge's decision. It disregards the district judge's decision. I think the district judge made a decision that's incorrect. We filed a motion for a decision in our favor in that court, and then we filed it. And we asked the court to extend the time for briefing, and the judge would not allow us to brief it. He dismissed it. And was that an error? And if so, based on what? I think it was an abuse of discretion, Your Honor. I think that the reason we didn't file the briefs and the excerpts of records is that they were about this thick. They have procedures in the district court that are very voluminous. And it was filed before the court made its decision in the case. And we actually felt strongly that there was a possibility that the judge would grant our motion, because in essence what our claim was is that the bankruptcy judge did not have jurisdiction, period. And subject matter jurisdiction is an issue that can always be raised on a motion. And we filed it that way, hoping that the court would grant us a relief. We requested, and we wouldn't have to brief all the way. Oh, wait a minute. Pursuant to the rule. If there's no subject matter jurisdiction in the bankruptcy court, there's no subject matter jurisdiction in the district court, then we don't have any jurisdiction. We're an appeals court. And what you want us to do, if I understand your position, Mr. Giannini, is you want us to address the merits of your claim. Isn't that right? Yes, Your Honor. Well, we do not, and the problem with me is we're not a trial court. Appeals from the bankruptcy court go to the trial court. The trial court dismissed your appeal. And what you have to do, and if anybody's going to hear the merits, it's got to be the trial court, not us. So now I think you almost have to argue that the trial court was wrong in dismissing your appeal, so you can get a determination on the merits. Does that sound logical to you? Yes, Your Honor. Well, tell us what we ought to do, then. Your Honor, this is a contract interpretation case. No, it's not a contract interpretation case. Listen to what Judge Bright said. You have to tell us why the district court abused its discretion in dismissing and sustaining the bankruptcy court's decision to dismiss your action because you didn't file a brief on time and you didn't file the record on time. And you say the brief was big and the record was big, and those may be considerations which the trial court should take into account, but you've got to point to an abuse of discretion in applying the timeliness rule to your filings. What is that abuse of discretion? Was the judge corrupt?  Where was the abuse of discretion? I think the abuse of discretion was in not giving additional time in that a motion for reconsideration was pending before the court, and while that motion for reconsideration was pending. Before the bankruptcy court? This was before the district court. Oh, okay. We filed a motion to reconsider, and then the due date for the filing came, and before the court ruled on our motion for reconsideration, it expired. And in the meantime, I think the court, my recollection is correct, the court denied it. We immediately, immediately, Your Honor, as fast as could be, filed the entire brief, and the judge said, no, I'm not going to review it. It's out of time. Why hadn't you explained to me why you hadn't filed a brief before that? What was the motion for consideration of what? The motion for reconsideration that we filed was that the district judge said, you can't file this here. You have to file it in the bankruptcy court, and since it's on appeal in the district court, I'm not going to hear it. You have to file it there. We submitted our motion for reconsideration, and so you file it in the district court, and the district judge says you've got to file it in the bankruptcy court. Exactly. But the appeal was already in the district court. Exactly. And so what happened is you didn't file the appeal on the merits. You didn't file your brief on the merits. That's why it was somewhat. And now the court threw you out. It was tardy, and we asked to be excused based on our filing for reconsideration. And the court found that Giannini's ex parte application presents no evidence of good cause why this court should grant his application. All right. What did your ñ is there some basis for saying that the court abuses discretion in finding that your application did not contain good cause? The issue was never ruled upon on the merits by the district judge. Well, of course it wasn't because your appeal was late. Your Honor, my argument is that there was an abuse of discretion because additionally that there was a legal error made by the district court to claim that this motion for reconsideration should have been filed in the bankruptcy court rather than his court. You know, we ñ What is before us is whether the district court abuses discretion in denying you extra time to file your opening brief. Yes, Your Honor. What are the grounds that you put forward for an extension of time to file your opening brief? There was no abuse ñ there was no prejudice. There was justifiable cause to ñ Was there justifiable cause for your delay? That there was a motion for reconsideration pending before the district judge. And I ñ Before the district court judge or through the bankruptcy judge? The district judge, Your Honor. Well, how could he reconsider what he hadn't heard that you were appealing from? Well, initially the district judge, we filed the motion for judgment in our favor. I think there's a similar process in the Ninth Circuit rules where you can file a motion, if there's no subject matter jurisdiction, to have the case dismissed on motion. And that's what we did in the district court, and that's what the rules in the Ninth Circuit ñ You were seeking a dismissal in the district court for lack of district court's jurisdiction of a bankruptcy court order and you're saying a $2,500 fine was non-dischargeable? Your Honor, I want to be clear about what I'm precisely saying. Our argument in the district court was that the judgment had been released. A notarized release had been provided to us, and the bankruptcy court did not have jurisdiction and did not have the right to open up the case because ñ Pardon me. You were the one who was appealing the bankruptcy court's order of $2,500 to the district court, true? Yes, Your Honor. And you were saying the district court didn't have jurisdiction to hear your appeal? No, Your Honor. My argument was that the bankruptcy court did not have jurisdiction. All right. Fine. Now, why did you not file your brief timely on that issue? Because there was a motion for reconsideration pending, and I didn't feel or believe that the court would, in that circumstance, demand such rigid compliance with the ñ But you filed a motion for reconsideration in the district court, not in the bankruptcy court, true? Of the district court's order. What district court's order? The district court's order initially was we filed a motion saying that the bankruptcy judge did not have jurisdiction of the claim because it was res judicata. It had been filed in ñ the dismissal of the sanction had been filed in the district court. So we filed in the district court asking the court to rule that the bankruptcy judge did not have jurisdiction over the claim because the dismissal of the judgment had already been filed in the district court before the bankruptcy court got a hold of the case. How is that any different from your ground for appeal? Pardon me. You've overgone your time. We'll give you a moment ñ we'll give you a minute to ñ to rebut. But keep in mind the question I just asked you. What grounds were different between an appeal from the bankruptcy court order entering $2,500 non-dischargeable against you on the ground that the bankruptcy court had no jurisdiction and a motion to reconsider the motion denied by the district court that the bankruptcy court had no jurisdiction? The grounds seem very similar to me. Perhaps you can draw a distinction. But we'll hear you in rebuttal. Counsel, Mr. Wong. May it please the Court, Colin Wong on behalf of the Respondent State Bar of California. I believe the Court has certainly identified the preliminary issue that ñ that we're facing, and that ñ that is ñ Your ñ your brief addressed the merits, too, didn't it? It did, Your Honor, because I ñ we also ñ Well, you know, I ñ I know that we're ñ the Merits Army Force. But just ñ I ñ to get a picture of it, if I understand what's involved here, there never was a claim that sanctions are ñ that a sanction cannot be non-dischargeable. Do you know what I mean? Normally, are sanctions dischargeable in bankruptcy? Do you know? Unless there's an exception under the 523-H6 for a malicious or willful injury. Okay. So in this case, as I understand, that wasn't the issue that has been raised by Mr. Giannini, but he claims, if I understand it right, that there was a prior document or something to ñ a dismissal, and that that debt no longer existed. Isn't that something of the way he ñ he argued? So that was the issue before the Bankruptcy Court. Is that correct? That's correct, Your Honor. That was the issue on the trial, that we had the trial before the Bankruptcy Court. Who raised the problem? Who brought the petition in Bankruptcy Court? The State Bar brought the petition in an adversary proceeding. Pardon me? The State Bar brought the proceeding. Okay. So you claim that when you brought your proceeding in Bankruptcy Court, you claimed that this sanction was out of malicious conduct and would not be dischargeable, right? That's correct, Your Honor. And was that ruled on? That was ruled on in the summary adjudication of issues on the State Bar's motion. And that's never been appealed? The only thing ñ the grounds for the appeal, as I understand it, was that there was no debt that had been discharged. Not discharged, but released somehow in a document you filed. That would be my understanding of what the crux or the basis of this is. Okay. You're going to make your argument. I'm sorry. You said it was ruled on in the motion of summary adjudication in favor of the State Bar? That's correct, Your Honor. And then the release, as I understand it, was never in the record? It wasn't entered into evidence? That is correct, Your Honor. There was no ñ there's no evidence ever admitted regarding the release at the Bankruptcy Court, and then the Bankruptcy Court ruled in favor of the State Bar. Getting to the district court's dismissal, that's considered in our cases very harsh sanction. And normally the district court would be required under our case law to explain the basis for this and to indicate that it had looked at alternatives to the sanction. And that ñ I didn't see that in this case. What made this delay by just a few months so egregious that dismissal, which is a harsh sanction, was an appropriate remedy? I don't know if I can speak for the district court, Your Honor. But the way I viewed it was that ñ and I can clarify maybe some of the procedural history for Justice Bea here. It wasn't a motion for reconsideration in the district court, what Mr. Giannini filed. What he filed was a motion to vacate the Bankruptcy Court's judgment. The court in ñ the district court ruled that ñ the district court ruled that the ñ that motion should be brought in the trial court and ñ and deny the motion. Subsequent to that ñ Well, I don't know why that should be. A motion to vacate could be construed as a motion for summary judgment of a ñ of a reversal, couldn't it? I believe that would be the basis for the appeal in the district court, not necessarily to vacate the district court as the appellate court for the Bankruptcy Court would have to then step in and then vacate their order during the trial. So ñ Well, if the district court had decided in this case, Mr. Giannini, it would amount to a vacation of the Bankruptcy Court order. Well, at least on ñ To me, it could be construed as a proper district court matter that would say, I'll take it with the merits, you know. I understand ñ I understand Your Honor's position, but I believe it wouldn't be ñ it wouldn't be ñ the decision wouldn't be made on a motion basis, it would be made on the appeal basis. You'd have the full briefing, and if a district court found that was true, then they could make ñ so find. Then what happened after the briefing schedule was issued, Mr. Giannini then filed a renewed motion to vacate the Bankruptcy Court judgment. And at that time, he asked for a continuance of the briefing schedule. In denying that motion, the court found that he didn't comply with the local rules, which would require an affidavit explaining why you need it, how many times continuances have been made, and that sort of thing. And he didn't comply with any of those rules. And that's why the court, I believe ñ He did file his brief sometime in April ñ April 12th, 2004. There's the ñ prior to that, the State Bar made a motion to dismiss the appeal while the renewed motion to vacate the Bankruptcy Court judgment was pending. Both of those were pending. The court took them off calendar and had ñ they were submitted. Yeah, but that's not the basis of the judgeís action. He said he didn't file a brief. And as my colleague says, that's a pretty severe piece of action to deny a party an appeal, whether they feel it meritorious or not, and say you didn't file a brief on time, boom, you're out. When there are matters pending, it just doesn't sound right to me. What do you say about it? Well, it'd be ñ it'd be our belief that the judge was entitled to enforce the local rules as they're written. And it's also our position that if that is the true issue before this Court, Mr. Giannini has failed to brief that issue in his opening ñ in his opening brief. That's true. But we have to take into account that he's pro se. He's not a member of the Bar. He's not a member of the Bar of California. He is a member of the Bar of Pennsylvania and New Jersey. Do you have any case you can cite where a district court's dismissal as a sanction was upheld on facts similar to this? The cases that I looked at, like Morrissey, it seemed like much more egregious behavior and many chances that were missed. The only case that ñ you know, I agree with Your Honor on that research. I did similar research. I did find ñ but it's an unpublished case out of the Sixth Circuit. It's a recent case in August, and I will give the cite to the clerk. But in the Sixth Circuit, what they stated was, ìIn other words, a bankruptcy appellate panel does not abuse its discretion in dismissing an appeal for nonprosecution if it complies with due process. In other words, when the BAP dismisses an appeal for nonprosecution, so long as due process is ñ he's entitled to request his continuance as long as it's performed within the rules as set forth in the appellate procedures. That wasn't complied with, the court dismissed the appeal. There was a motion. It wasn't a very good motion, but there was something pending before the district court, which if the district court decided in favor of Mr. Giannini, which it wouldn't do, would have resolved the action. So it seems to me kind of ñ and how long after he ruled on the motion did he enter an order dismissing the appeal? He ruled on the second motion. I think you have to remember, Your Honor, that the motion that was pending was the first one was already denied. The second motion was denied on April 6, 2004. Then the opening brief was filed on April 12, 2004. By opening brief, you mean the opening brief for Mr. Giannini? In the district court. Yeah. Yes. So that's only a week later. Yes, that's correct, Your Honor. Then the district court issued their order on April 26, 2004, granting the motion to dismiss the appeal. And that's really the only order that's ñ that really is before the court now. But the ground for dismissing the appeal was the failure to follow the rules of filing the brief on time. Correct. Okay. But at that point, they already had his brief before them. The brief had been filed at the point they issued that. Yes, that's correct, Your Honor. That's all right. Unless the Court has any other questions, I would submit. Thank you very much. Thank you, Your Honor. Mr. Giannini, you have a minute. Thank you, Your Honor. Your Honor, I relied, perhaps mistakenly, on the standard of review stated in In Re Emery, where the Ninth Circuit said, We independently review the bankruptcy court's determination and do not give deference to the district court. The interpretation of a contract provision is a legal question reviewed in OVO. What I had submitted to the district judge and I had submitted to the bankruptcy judge was that this release was a contract that released the judgment that had been assessed against me for $2,500 in 1993. I further argued, Your Honor, that the conduct that justified the sanction in 1993 was not a willful and intentional tort. But your release wasn't in the record. It wasn't entered into the record before the bankruptcy court. Oh, yes, it was, Your Honor. The bankruptcy court said there wasn't a proper foundation. Yes, it absolutely was a record before the bankruptcy court, Your Honor. It's a ---- Is that the release of lien, is that what you call it? Release of lien. Release of judgment. Judgment creditor hereby releases all of its rights, title and interest as follows, filed in the district court, filed with the county recorder, filed five or six times in the bankruptcy court. Who signed that, Mr. Gideon? Counsel for the State Bar signed that, Your Honor. It said excerpts of record 38 through 44. I have a copy here. If you'd like to see it, I have copies for everyone. This is with a basis of my whole claim. I wouldn't be here if I didn't have this in front of me, Your Honor. I wouldn't have pursued the matter. They gave me a release that says release judgment creditor releases all of its right, title and interest as follows. In my reading of a release that's notarized, it's filed, it says all of its right, title and interest means that there's nothing left over to collect upon. That's why I'm here, Your Honor. I've been here four years on the basis of this release and this lien, and essentially no one was willing to look at what the language of the document says. And it's notarized and it's filed everywhere. It's in the records. It's been filed. The bankruptcy judge stipulated to it. You had the opportunity before the bankruptcy court to have a hearing on that, and the bankruptcy court found it wasn't introduced into the record in the way it was necessary for it to take cognizance of it. I'm sorry, Your Honor. I don't understand your question. I'm sorry. I didn't hear your question. The question, Judge Ikuda said, if I understood it correctly, you had an opportunity to produce this document at the bankruptcy court. The bankruptcy court found that you had not. Therefore, it ruled as it did. Your Honor, I'd like to point to the transcript. It was EOR 148. The only issue to be resolved would be whether or not the recordation of the release of lien also released the underlying judgment. Page 148 in the excerpts of record, line 18, I made a note as to the stipulation, which were the first four in the unused pretrial conference statement, plus the fact that the State Bar recorded the release of lien. Those are the stipulated facts that will be or were agreed to. This was a part of the record. It was stipulated in evidence right from the beginning. We filed this notarized document six times in the bankruptcy court and asked for judgment on the basis of this lien release. Well, I see at page 147 that you attempted to get Exhibit 101 introduced in evidence. You moved it. And there was an objection by Mr. Cook that the defendant, that's you, who's the proponent of the defense, must lay an evidentiary foundation. And this witness is not a competent, not a competent witness, to lay an evidentiary foundation as to the authenticity of the signatures on this document. Did the Court rule on that? Absolutely, Your Honor. This was a part of the Court rule. Did it overrule the objection and admit Exhibit 101? Your Honor, what the Court said was that the only issue to be resolved would be whether or not the recordation of the release of lien also released the underlying judgment. I made a note. That was the whole purpose of the trial. I made a note as to the stipulated facts, which were the first four in the unused joint pretrial conference, plus the fact that the State Bar recorded the release of lien. The State Bar didn't record it. I recorded it. I filed it in the district court. I filed it in the county recorder. Did you file it in the bankruptcy court? Your Honor, I filed it in the bankruptcy court, informing the court that it was a certified document that was admissible in the evidence under five or six times, Your Honor. Is it marked in evidence? Yes or no? Yes, Your Honor. Okay. Where is the evidence that it was marked in evidence? I keep reading here that you then go to judicial notice, and that's not allowed. Mr. Wong, can you shed any light on this as to where the court rules up or down on Exhibit 101? I think if the court would direct their attention to page 232 of the record at page 916, I think the court is very explicit in stating I have received no evidence today. I don't even have evidence to copy the document that is entitled Release of Lien. And I haven't received any other evidence that would support the defendant's position that the recordation of the document called Release of Lien also served to release the underlying $2,500 judgment. I think it's clear that the court never admitted any evidence during the trial. Your Honor, it was a stipulated fact. It was the purpose of the trial. I asked the court to introduce it. It's not a stipulated fact. Mr. Cook was very vociferous in objecting to its admission. Well, Your Honor, my ---- Thank you. You've used up your time. Thank you, Your Honor. All right. The next case is also Giannini, and it is against the State Bar of California, but on a different matter. All right.
judges: Bright, Bea, Ikuta